## UNITED STATES DISTRICT COURT.

James H. Elmore agt. The Steamboat Alida, her tackle, &c.

The act of March 29, 1855, laws 78 session, chap. 10, p. 174, is a re-enactment with amendments of the act of 1830. (2 R. S., 493, 494, §§ 1 and 2, O. P.)

The construction and effect of the amended act, in respect to the lien, is the same as that of the original act.

All credits which have run more than ten days subsequent to the return of the vessel to the port where the debt was contracted, are excluded from a privilege against the vessel when the notice of lien is not filed within that period. Each credit for supplies is separately the debt contracted, and to that the limitation applies.

The filing of the lien is the only means of giving life to the lien, and previous to such filing the privilege is merely inchoate and permissive. A claimant in admiralty may take advantage of the non-existence of the lien without expressly pleading it.

A mortgagee in possession is a competent party to intervene and contest the validity of the libellant's lien.

*In Admiralty, southern district of New York.*
*Before* Hon. S. R. Betts, *D. J.*

The facts of the case sufficiently appear in the opinion. The intervention in the case was by a receiver appointed by the superior court, in an action brought by a mortgagee in possession, claiming to foreclose his mortgage, and to adjust and exclude the equities and claims of other mortgagees and claimants to the boat. The boat had been sold and the proceeds paid into the registry of the court, with the understanding that the same effect should be given to the proceeds as if they were the *rem* in the hands of the marshal.

D. McMahon, *for libellant.*

Mr. Bonney *and* Mr. Sherwood, *for the claimant.*

*Per curiam,* Betts, D. J.   The action is by a provision dealer, or ship chandler, for a bill of supplies furnished the steamer.   The purchases were made September 3, 4, 8, 11, 13, 14, 17 and 19.   No term of credit was stipulated, but the usual practice between the parties was to pay these bills monthly.

2. The boat was a domestic passenger vessel running up and down the Hudson river daily, except Sunday, between New York and Kingston.

3. The libellant, on the 22d of September, filed his specification of lien, charging purchases by the boat at the dates above mentioned, and setting forth the prices and amounts, and on the 29th filed his libel in this cause to recover the entire amount.

4. On the hearing he claims a right to recover the whole sum of the bill of items, and the claimants deny his lien at most for any purchases anterior to the 12th of September.

5. The libellant objects to the admissibility of the latter point of defence, because not formally pleaded.

1. I hold the existing lien law (*acts of March* 29, 1855; *laws* 78 *session, chap.* 10, *p.* 174) is a re-enactment with amendments of the Revised Statutes.   (2 *R. S.*, 493, 494, §§ 1 *and* 2.)

2. The lien created by the act is fully determined and gone in all cases after sixty days after the vessel subject to it, returns to the port where the debt was contracted; but in reality that prospective or permissive continuance of the lien is in this case fruitless, and never comes into action, because the debt being subsisting when the boat left port, is strictly declared by the statute to cease immediately thereupon unless lien specifications are filed within ten days after such departure.

3. The filing of the lien specifications is thus made the

operative and only means of giving life to the lien; previous to that act of the creditor, the privilege is merely inchoate and permissive. The chronological order of the provisions is inverted in language, but the conditions of filing the specifications is made the first affirmative act of the creditor, and the one vital to the prosecution of the lien.

4. The construction and effect of the amended act, in respect to the lien, (6 *Hill*, 496,) is the same as that of the original act. All credits which have run more than ten days subsequent to the return of the vessel to the port where the debt was contracted, are excluded from a privilege against the vessel when the lien specification is not filed within that period. This provision is the exact equivalent in effect of the original statute.

5. Accordingly, each credit for supplies is separately the debt contracted, and to that the limitation of time is applied by this court and the state courts. (3 *Comst.*, *p.* 438; *Veltman* agt. *Thompson*, 6 *Hill*, 494–6.) A mortgagee in possession is a competent party to intervene and contest the validity of the libellant's lien.

7. The restriction of the sixty days to the duration of the lien has no relation to this case. The action was brought within thirty days after the first credit, but no recovery could be had thereon for any charges which had stood over ten days.

It is agreed between the parties that this order will embrace the sum of $161.29, and it is therefore directed that a decree be entered for that sum with costs.